WATKINS, Judge.
This case is identical to that of State v. Pautard, 470 So.2d 596 (La.App.1985). Defendant, Johnny Duncan was arrested during the same incident as Pautard. On March 26, 1983, Sergeant • Philip Hilbun, while on patrol, observed defendant and Pautard in an automobile parked at a closed service station. An unidentified black male approached the driver’s side of the vehicle and remained there for several minutes. Subsequently, the black male left and the vehicle sped away before Officer Hilbun could stop it. Believing that a drug transaction had taken place, Officer Hilbun gave chase and halted the automobile several blocks away. The driver was identified as Duncan and the passenger as Pau-tard. A search revealed three identical tablets, later analyzed as Diazepam (Valium), a schedule IV controlled dangerous substance under LSA-R.S. 40:964.
Defendant and Pautard were charged with possession of Diazepam. Like Pau-tard, defendant originally pleaded not guilty and subsequently filed a motion for discovery, a motion for a preliminary examination, and a motion to suppress, which was joined in by Pautard. The trial judge denied the motion to suppress. Subsequently, defendant, like Pautard, changed his plea to guilty, reserving his right to appeal the motion.
Defendant appeals alleging one assignment of error. In this assignment of error, defendant contends the trial court erred when it denied defendant’s motion to suppress the Diazepam tablets. For the reasons stated in State v. Pautard, 470 So.2d 596 (La.App.1985), we find the assignment has no merit and the judgment of the trial court is affirmed.
AFFIRMED..